# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ANTHONY S. WHITE #863584/F10219** | § | |
| | § | |
| **V.** | § | **A-11-CA-735-SS** |
| | § | |
| **UNITED STATES OF AMERICA, et al.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint [#1], supplemental request for relief [#10], more definite statement [#11], Motion to Proceed to Trial [#12], Motion for Discovery/Request for Production of Documents [#14], and Petition for a Writ of Mandamus [#16]. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Hays County Jail. Plaintiff had been charged with aggravated assault with a deadly weapon. On August 4, 2011, the 22nd Judicial District Court of Hays County, Texas, found Plaintiff incompetent to stand trial in Cause No. 11-0438. As a result, Plaintiff was transferred to the Spruce Unit of the Vernon State Hospital, now referred to as the North Texas State Hospital. Plaintiff recently informed the Court he has been found competent and has been returned to the Hays County Jail.

In his original complaint Plaintiff alleges his girlfriend Patrice filed a statement on April 23, 2011, because she wanted a protective order issued against Plaintiff. Kyle Police Officer Tim Griffith allegedly prepared a probable-cause affidavit regarding Patrice's allegations, and a warrant was issued for Plaintiff's arrest. Patrice subsequently amended her statement to clarify that Plaintiff did not threaten her and her only injury was hurt feelings. Plaintiff accuses the United States of America of allowing disabled vets to be mistreated and the State of Texas of conniving Hays County in arresting him with no evidence. He also alleges the Hays County Jail Staff's treatment has "scarr[ed his] mentality for life" and he was denied counsel, access to a legal library, and the court.

Plaintiff sues the United States of America, Tim Griffith of the Kyle Police Department, the Hays County Jail Staff, the judges and court appointed counsel for the 22nd Judicial District of Hays County, and the State of Texas. He initially requested "justice for all the unlawfull [sic] conniving proceeds, statements, and treatment" and reimbursement for "all the resources [he's] lost in [his] unlawful detention." Plaintiff amended his request and now requests that Tim Griffith be disciplined, the Hays County Jail grievance process be fixed, a public apology from Sheriff Cuttler, that disciplinary action be taken against the judge, his court appointed counsel and the Hays County District Attorney, and for the "State of Texas to pay for loss resources and pain and suffering of May 4, 2011 to this day . . . 4 million dollars, 1 million from each Defendant, for stress and grief causing [him] much mental anguish." In his most recent filing Plaintiff requests a writ of mandamus with regard to his pending criminal case in Hays County.

After consideration of Plaintiff's original complaint, Plaintiff was ordered to file a more definite statement. In his more definite statement Plaintiff complains Defendant Griffith never conducted an investigation with regard to Patrice's statement about the events that occurred on

April 23, 2011. Plaintiff alleges Griffith's probable-cause affidavit was different than Patrice's statement. Plaintiff explains he only pushed Patrice after Patrice punched him. Plaintiff asserts Patrice corrected Griffith's false statement in her Non-Prosecution Affidavit.

Plaintiff attached a copy of Griffith's Complaint and Affidavit of Probable Cause for Arrest to his more definite statement. Griffith's affidavit provides:

> Patrice stated she arrived home at approximately 1200 hours and began arguing with Anthony. At approximately 1400 hours Anthony locked himself and Patrice in the bedroom and would not let her leave. He kept pushing her away from the door and grabbed her on the upper left arm causing her pain. Patrice struck Anthony in the face and Anthony grabbed her by the throat and held her up against the wall with her feet off the floor, which caused her pain. Anthony then threw Patrice across the bedroom and her back struck the bedframe causing her pain. Anthony picked Patrice up off the floor and threw her on the bed. Anthony grabbed Patrice by the throat with both hands, and choked her for approximately thirty seconds. Patrice stated she could not breathe and was afraid she would be killed. Anthony let Patrice go and she fled to the front door of the residence but Anthony blocked the door.
>
> Patrice went into the kitchen and grabbed a pair of scissors to defend herself. Anthony told her to go into the bedroom and she complied. Anthony locked the bedroom door again and took the scissors away from Patrice. Anthony held Patrice down on the floor and began to cut her hair. Patrice screamed, yelled and begged Anthony to leave and stated she would not call the police if he just left. Anthony let her go, packed his things and left the residence.
>
> Anthony picked up the hair he cut from Patrice's head and flushed it down the toilet. Patrice cleaned up the residence before calling the police. Affiant asked Patrice if she was feeling any pain and she stated her neck, arm and back were still causing her pain. Affiant observed red marks on Patrice's upper left arm, faint bruising on both sides of Patrice's neck, a scratch on the back of Patrice's neck and several red marks on Patrice's back.

Plaintiff also attached a copy of Patrice's Affidavit of Non-Prosecution. Patrice clarified the length of time Plaintiff's hands were around her neck was not accurate in the police report. She explained it was approximately five seconds instead of thirty seconds. Patrice also indicated, after she grabbed the scissors, she cut one of Plaintiff's shirts and a pair of pants. She also asserts she asked Plaintiff

3

not to leave. Patrice indicated some of the things she stated to the police on the day of the incident were not accurate and her statement was not as detailed as it should have been. Her statement is now:

> Anthony White and I both entered into a minimal physical altercation. I hit him first, as a reaction he grabbed me by my neck. I am fair skinned and I bruise easily, however no physical damage was incurred. The only thing that was hurt were my feelings and in turn his as well. Neither of our actions were justified, however I do not feel that he should sit in jail and be prosecuted for a small altercation. I believe that his punishment so far more than accomadates [sic] the crime comitted [sic]. He has apologized and we have forgiven each other for our actions.

Plaintiff and Patrice married on July 21, 2011, while Plaintiff was confined in the Hays County Jail.

With regard to the Hays County Jail Plaintiff alleges he was mistreated by Lt. Villopando, Covasos, Cpl. Edwards and "a few others [who] monitor D1-3." Plaintiff contends Hays County caused him to be diagnosed "Axis I diagnoses of bipolar Disorder, Cyclic Type with mixed Episodes and Psychotic Features; Tramatic [sic] Brain injury, mild and Posttraumatic stress Disorder." Plaintiff states in normal circumstances he is not as severely bipolar. Plaintiff also complains he was forced to wear his sweaty uniform for seven days, causing Plaintiff's depression. Plaintiff alleges Covasos is a gang member and should not be working in the Hays County Jail. He believes Covasos discussed his case with other gang members confined in the jail. Plaintiff alleges Villopando intercepted his grievances and that Cpl. Edwards answered his grievance directed to the sheriff. Plaintiff disagrees with how his grievances are being handled by Villopando and Edwards. He also indicates he is scared to eat the food at the Hays County Jail because he believes it is poisoned with ink.

With regard to the 22nd Judicial District Court, judges and court-appointed counsel Plaintiff alleges Judge Ramsay, court-appointed counsel Pastrano and the District Attorney conspired to have

4

Plaintiff diagnosed as incompetent, which caused him grief and suffering. Plaintiff believes the District Attorney is withholding Patrice's statement, which proves he is not guilty. Plaintiff asserts he has not been taken to court to plead not guilty. Plaintiff denies he is incompetent. Plaintiff believes his new court-appointed counsel has lied to him.

DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Sovereign Immunity</u>

Plaintiff's claims against the United States are barred by sovereign immunity. Civil rights suits against the United States without its consent are barred by sovereign immunity, <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam) (citation omitted), and the United States has not waived its sovereign immunity for Plaintiff's claims. <u>See</u>

Brown v. United States, 653 F.2d 196, 199 (5th Cir. Unit A Aug. 1981). Accordingly, all claims against the United States of America should be dismissed

C. Eleventh Amendment Immunity

Plaintiff's claims against the State of Texas are also barred. Absent an express waiver, the Eleventh Amendment precludes suits in which a state agency is named as a defendant. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984). There is no suggestion that Texas has waived its Eleventh Amendment immunity in this case.

There is a narrow exception to Eleventh Amendment immunity. See Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441 714 (1908). It applies to suits that allege a violation of federal law that are "brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." Aguilar v. Tex. Dep't of Crim. Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). The Ex Parte Young exception is inapplicable in this case because Plaintiff has not named any State of Texas officials as defendants and does not appear to seek any prospective injunctive relief with regard to the state.

D. Judicial Immunity

The judge of the 22nd Judicial District Court of Hays County is entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not

6

performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12, 112 S. Ct. at 288. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12, 112 S. Ct. at 288). In the case at bar, Plaintiff does not complain of any actions taken by the judge that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Accordingly, the judge of the 22nd Judicial District Court of Hays County, Texas is protected by absolute immunity.

### E. Prosecutorial Immunity

To the extent Plaintiff is also attempting to sue the Hays County District Attorney, she is protected by absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993); Burns v. Reed, 500 U.S. 478, 487-92, 111 S. Ct. 1934, 1940-42 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31, 96 C. Ct. 984, 993 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the

course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Buckley v. Fitzsimmons 113 S. Ct. at 2615). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In Imbler, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by the Hays County District Attorney which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the District Attorney that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, the Hays County District Attorney is protected by absolute immunity.

F.  State Actor

Plaintiff's claims brought against his court-appointed counsel also fail. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct 183, 186 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826, 107 S. Ct. 103 (1986). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against his court-appointed counsel.

G.  Grievance Procedure

Plaintiff appears to allege he had difficulty using the grievance system in the Hays County Jail. He complains Lt. Villopando intercepted one of his grievances. He further complains Cpl.

9

Edwards answered a grievance directed to the Sheriff. Plaintiff has failed to allege a valid constitutional violation with regard to the grievance system. Prisoners do not have a federally protected liberty interest in having their complaints resolved to their satisfaction. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

H. Tim Griffith

To prevail on his claim that Griffith prepared a false probable-cause affidavit, Plaintiff would be required to show that Griffith knowingly provided false information to secure the arrest warrant or gave false information in reckless disregard of the truth. See Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1998). The arrest may still be constitutionally valid if, when the allegedly false or malicious material in a probable-cause affidavit is excised, sufficient material remains in the affidavit to support a finding of probable cause. Id. at 171-72, 98 S. Ct. at 2684. Plaintiff does not allege Griffith intentionally included false information in his probable cause affidavit. Plaintiff's complaint is that Patrice has now amended her statement so that some of the information in the probable-cause affidavit is inconsistent with the amended statement. Patrice's amended statement was made on July 12, 2011, more than two months after Griffith prepared his probable cause affidavit. The information Patrice, a "victim eyewitness," provided on the day of the incident was sufficient to support a finding of probable cause for Plaintiff's arrest. See Hale v. Fish, 899 F.2d 390, 399 (5th Cir. 1990). Accordingly, Plaintiff has failed to allege a valid constitutional violation with respect to Officer Griffith.

I. Conditions of Confinement

To the extent Plaintiff's claims against the Hays County Jail staff can be construed as a claim regarding the conditions of his confinement, his claims fail. Plaintiff has not alleged he suffered a

physical injury. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than de minimus [sic], but need not be significant." Alexander v. Tippah Cnty., Mississippi, 351 F.3d 626, 630-31 (5th Cir. 2003), cert. denied, 541 U.S. 1012, 124 S. Ct. 2071 (2004). Without proof of physical injury, Plaintiff cannot maintain a civil rights action based on his living conditions.

  J.  Access to Library

Although Plaintiff's complaint is not clear, he may also be alleging he was denied access to a law library during his confinement at the Hays County Jail. Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998) (citing Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977))). Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Id. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." Id. (citing Lewis v. Casey, 518 U.S. 343, ___, 116 S. Ct. 2174, 2185 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261-62 (1987))). Additionally, before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." Id. at 230-31 (citing Eason v. Thaler, 73 F.3d at 1328) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).

11

Plaintiff has not alleged he has been harmed by the denial of access to more legal research. In fact, Plaintiff admits he has court-appointed counsel. Until Plaintiff is granted permission to represent himself court-appointed counsel can assist him with his criminal proceedings. See Walters v. Edgar, 973 F. Supp. 793, 799 (N.D. Ill.1997) (holding "[t]he fact that counsel represented [plaintiff on the relevant matters] ... satisfies the requirements of Bounds").

K.   Writ of Mandamus

Plaintiff does not make clear the precise relief he is seeking in his petition for writ of mandamus. It appears Plaintiff is challenging his pending criminal proceedings. Plaintiff's request should be dismissed. A federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970).

To the extent Plaintiff may be seeking habeas corpus relief his petition should be dismissed. In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123 (1973), the Supreme Court reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Id. at 490, 93 S. Ct. at 1127. Plaintiff's claims are insufficient under Braden to justify federal habeas relief.[1] The Court finds no special

---

[1] Additionally, the Court should abstain from deciding these issues under the Younger abstention doctrine. See Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1490 (5th Cir.), cert. denied, 515 U.S. 1145 (1995) (holding that Younger abstention is proper when there is a pending state court action, the state court action implicates an important state interest, and there is an adequate opportunity in the state proceeding to raise constitutional challenges).

circumstances in this case which would justify a federal court's intervention in Plaintiff's state criminal proceedings. Moreover, there is no evidence that Plaintiff has exhausted his state court remedies, a prerequisite to federal habeas corpus relief. See Braden, 410 U.S. at 489-90, 93 S. Ct. at 1126.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought against the State of Texas and the United States of America be dismissed without prejudice for want of jurisdiction, Plaintiff's claims brought against the remaining defendants be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), Plaintiff's petition for writ of mandamus be dismissed, and any pending motions be dismissed as moot.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE